# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**MICHAEL YOUNG,**

                Petitioner,            Case Number: 07-CV-12561
                                                 HONORABLE DENISE PAGE HOOD

v.

**BLAINE LAFLER, ET AL.,**

                Respondent.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Petitioner Michael Young is a state inmate currently incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan. He has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons which follow, the petition will be dismissed.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The habeas petition does not present grounds upon which habeas relief may be granted, therefore, the petition will be denied.

In his petition, Petitioner claims that prison staff have interfered with his personal property, charged him with misconducts in retaliation for lawsuits he has filed, and denied him

and other black prisoners food.  A petition for a writ of habeas corpus provides the appropriate vehicle for challenging the fact or duration of a prisoner's confinement.  <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 486-87 (1973).  In the instant petition, Petitioner is not challenging the fact or duration of his confinement.  Petitioner instead challenges the conditions of his confinement in that he alleges that prison officials have retaliated against him for exercising his First Amendment rights, interfered with his property rights, and denied him necessary sustenance.  The "proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or duration of his confinement" is a civil rights action pursuant to 42 U.S.C. § 1983.  <u>Preiser</u>, 411 U.S. at 498-99.  Because Petitioner is challenging the conditions of his confinement and not the fact or duration of his confinement, this Court must dismiss his petition.

Accordingly, **IT IS ORDERED** that Petitioner's application for a writ of habeas corpus is **DISMISSED**.  This dismissal is without prejudice to Petitioner's right to present these claims in a civil rights complaint.

<u>s/ DENISE PAGE HOOD</u>
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

DATED: <u>October 31, 2007</u>

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 31, 2007, by electronic and/or ordinary mail.

<u>S/William F. Lewis</u>
Case Manager

2